UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TEN THOUSAND, FORTY SEVEN (10,047)
KILOGRAMS OF KRATOM,

        Defendant *In Rem*.

_____/

**VERIFIED COMPLAINT OF FORFEITURE *IN REM***

Plaintiff, the United States of America, hereby files this Verified Complaint of Forfeiture *In Rem* and in support alleges that:

**I.  INTRODUCTION AND DEFENDANT *IN REM***

1.      This is a civil action for forfeiture *in rem* against ten thousand, forty seven (10,047) kilograms of Kratom (the "Defendant *In Rem*" or the "Defendant") that was imported into the United States on September 17, 2018, onboard the Grunhilde Maersk at the Port of Miami. The Defendant *In Rem* is more fully described as:

> A shipment containing 10,047 kilograms of Mitragynine or 7-Hydroxymitragynine, more commonly known as "Kratom," which also tested positive for salmonella, with an appraised domestic value of $3,516,625.00 that was seized on or about December 12, 2018.

The Defendant is currently located in Miami-Dade County, Florida, which is within the Southern District of Florida.

1

2. The Defendant is subject to civil forfeiture pursuant to Title 19, United States Code, Section 1595a(c)(1)(A) as merchandise that is "smuggled or clandestinely imported or introduced" in violation of Title 19, United States Code, Sections 1481 (invoice), 1484 (entry of merchandise), and 1485 (declaration); pursuant to Title 19, United States Code, Section 1595a(c)(2)(A) as imported merchandise subject to legal restriction relating to health and safety; pursuant to Title 19, United States Code, Section 1584(a) as merchandise not included or accurately described in a manifest; and pursuant to Title 21, United States Code, Section 331(a) (prohibited acts) as relating to the delivery or introduction of any adulterated food, drug, device, tobacco product, or cosmetic.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this subject matter pursuant to Title 28, United States Code, Sections 1345 and 1355.

4. This Court has *in rem* jurisdiction over the Defendant pursuant to Title 28, United States Code, Section 1355.

5. This Court has venue pursuant to Title 28, United States Code, Sections 1355 and 1395 as the acts or omissions giving rise to the forfeiture occurred in this District, and because the Defendant is located in this District.

## III. FACTUAL ALLEGATIONS

6. According to the Drug Enforcement Administration (the "DEA"), the substance Kratom is derived from a tropical tree native to Southeast Asia. Human consumption of the trees' leaves results in "stimulant effects in low doses and sedative effects in high doses, and can lead to psychotic symptoms, and psychological and physiological dependence."[1] To consume Kratom,

---

[1] *See* A DEA Resource Guide, *Drugs of Concern*, U.S. Department of Justice and Drug Enforcement Administration, 84, (2017 Edition).

the leaves of the tree are crushed and then smoked, brewed with tea, or placed into gel capsules.[2]

7. In recent years, the DEA has noticed a significant increase in the abuse of Kratom in the United States. The DEA has found that the substance is "abused by oral ingestion in the form of a tablet, capsule, or extract. Kratom leaves may also be dried or powdered and ingested as a tea, or the [K]ratom leaf may be chewed."[3] Although the DEA has listed Kratom as a Drug and Chemical of Concern, it is not controlled under the Federal Controlled Substances Act.

8. The Food and Drug Administration ("FDA") currently has two active Import Alerts pertaining to the importation of products known to contain Kratom. The first alert, **Alert No. 54-15**, was created in response to a noticed "increase in the number of shipments of dietary supplements and bulk dietary ingredients that are, or contain Kratom."[4] The second alert, **Alert No. 66-41**, was aimed at combating "the marketing or promotion of unapproved drugs to individuals residing in the United States."[5] Import **Alert No. 54-15** explained that "there does not appear to be a history of use or other evidence of safety establishing that [K]ratom will reasonably be expected to be safe as a dietary ingredient," and that there are "serious concerns regarding the toxicity of [K]ratom in multiple organ systems."

9. The Import Alerts directed FDA officials to detain the product without physical examination. If the United States Customs and Border Protection ("CBP") identified merchandise properly classified as Kratom upon entry into the United States, CBP Officers were directed to notify FDA officials so that they can conduct their own laboratory analysis of the substance. Otherwise, unless smuggled or otherwise unlawfully imported, Kratom is not prohibited from entry into the United States if properly identified.

---

[2] *See id.*
[3] *See id.*
[4] *See* https://www.accessdata.fda.gov/cms_ia/importalert_1137.html.
[5] *See* https://www.accessdata.fda.gov/cms_ia/importalert_190.html.

10. In or around September 2018, the Commercial Targeting and Analysis Center requested the Centralized Exam Station, CBP Agriculture Specialists Enforcement Team to conduct an intense examination of container number GLDU2310601 onboard the Grunhilde Maersk at the Port of Miami. The Entry Number for this shipment was FV4-0749022-9. This shipment of Kratom constitutes the Defendant.

11. CBP's Agriculture and Prepared Products Center of Excellence and Expertise and the Pharmaceuticals, Health, and Chemicals Center of Excellence and Expertise was notified about this shipment. Representatives from the FDA were also notified about this shipment. FDA officials collected samples of the powder for testing on or about September 19, 2018. CBP Officer ("CBPO") Jose Garrido and CBPO Elizabeth Jimenez inspected the shipment on or about September 21, 2018.

12. During the inspection, CBPO Garrido and CBPO Jimenez discovered a green powdery substance that was suspected to be Kratom. The CBPOs extracted a sample of the powder from the shipment and submitted it to the CBP Savannah Laboratory for analysis and identification. Laboratory analysis established that the powder samples showed "the presence of mitragynine, an alkaloid found in the plant species mitragyna speciosa (Kratom)."

13. On or about October 11, 2018, FDA Compliance Officer ("FDACO") Carlos Hernandez confirmed that the product was Kratom, and disclosed that the product was also contaminated with salmonella.

14. On or about October 29, 2018, FDACO Hernandez confirmed in writing that Defendant shipment of Kratom contained salmonella during FDA laboratory testing. He also confirmed that salmonella bacteria could cause the foodborne illness salmonellosis, which may cause humans and animals to become seriously sick. Therefore, because the FDA considers this

product to be a poisonous or a deleterious substance, the Kratom may be injurious to the health and welfare of United States citizens and animals. CBP exercised its authority to seize and forfeit the 480 cartons contaminated Kratom pursuant to Title 21, United States Code, Section 1499, and Title 19, United States Code, Section 1595a(c)(2)(A) since the product is not in compliance with Title 21, United States Code, Section 331 (a), a statute relating to health, safety, or conservation.

15. On or about October 31, 2018, CBPOs Rebecca Rodriguez, Garrido and Jimenez conducted an inventory of the shipment. The inventory revealed 480 cartons of Kratom separated into 20 pallets. The net weight of the product according to the importer's entry documents was 9,600 kilograms; however, CBP determined that the weight of the product itself, not including packing, was actually 10,047 kilograms.

16. On or about December 12, 2018, CBP seized 480 cartons of Kratom, which is the Defendant in the above-captioned case. CBP Import Specialist Israel Adame appraised its domestic value at $3,516,626.00.

17. The importer of record for the Defendant is Crafton Supply, LLC ("Crafton Supply"), which was organized in the state of Nevada in or around January 2017.

18. The Entry/Immediate Delivery (CBP Form 3461) filed by Toll Global Forwarding (USA), Inc., on behalf of Crafton Supply, declared the shipment to contain 20 pallets of "FloraFood Botanical Soil Conditioner," with an estimated total value of $61,728.00. The merchandise was identified under the Harmonized Tariff Schedule of the United States Code 3101.00.0000, defined as "animal or vegetable fertilizers." The declared country of origin was Indonesia. According to the manufacturer, FloraFood Botanical is a soil conditioner made exclusively of green kelp (or "*E. spinosum*"), which is a non-toxic, non-pollutant powder made from seaweed harvested from the seas surrounding Indonesia.

19. In administrative proceedings, CBP's Office of Fines, Penalties, and Forfeitures sent notices of seizure on or about January 4, 2019 to Crafton Supply and the named representative of the company, J.E. Culp. As of the date of this filing, none of the aforementioned have responded to CBP.

20. Based on the foregoing, the Defendant is subject to forfeiture to the United States pursuant to Title 19, United States Code, Sections 1595a(c)(1)(A) & (2)(A); 1584(a); 1499(c)(4) and Title 21 United States Code, Section 331(a).

**WHEREFORE,** Plaintiff, the United States of America, requests that any and all persons having any claim to the Defendant be directed to file and serve their verified claims and answers as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or suffer default thereof, and further requests that this Honorable Court declare the Defendants condemned and forfeited to the United States of America and for such other and further relief as this Court may deem just, necessary, and proper.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
RICHARD O.I. BROWN
ASSISTANT US ATTORNEY
500 East Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Admin. Bar No. A5500257
TEL: (954) 660-5779
FAX: (954) 356-7610
Email: richard.brown@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Robert M. Del Toro, hereby verify and declare under penalty of perjury that I am a United States Customs and Border Protection Director for the United States Department of Homeland Security, and that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and state that the contents are true to be best of my knowledge and belief.

Executed on this __7__ day of January 2020.

for ROBERT M. DEL TORO, DIRECTOR
FINES, PENALTIES AND FORFEITURES
U.S. CUSTOMS AND BORDER PROTECTION